■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Richard Lowe, J.), rendered April 5, 1989, convicting defendant of two counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent, indeterminate terms of imprisonment of from 4½ to 9 years, unanimously affirmed.

In a "buy and bust" operation, an undercover police officer approached defendant and inquired about purchasing drugs. Defendant provided a smaller quantity than the officer had requested, but the officer did not pay him for the vials. Defendant then led the officer to a nearby drug seller, who provided the officer with the quantity requested in return for $30. Defendant then followed the officer, demanding crack or money from her. The officer gave him $2.

The record shows that defendant was not "doing a favor" for the officer; that defendant displayed an independent interest in escorting the officer to a nearby drug dealer; that defendant and the drug dealer had had other dealings; and

that defendant was expecting compensation for his service. *(See, People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935.)* This evidence was sufficient to disprove beyond a reasonable doubt that defendant was acting as an agent for the undercover officer. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.